IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **JAMES MICHAEL BOUCHER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. V-05-0122** |
| | § | |
| **COUNTY OF VICTORIA, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM OPINION AND ORDER

James Michael Boucher, a Victoria County Jail inmate, has filed a civil rights complaint against Victoria County, the Victoria County Sheriff's Department, and the City of Victoria Police Department. Boucher's claims are broad, vague, and possibly delusional. This action will be dismissed as frivolous.

Boucher's complaint is rather cryptic and nonspecific. In its entirety, he sues the defendants "for Criminal Conspiracy to violate Constitutional Rights, Criminal Conspiracy to commit treason, failure to report multiple and ongoing crimes, endangering the lives of inmates, Public endangerment, and Dispensing of Pharmacueticals [sic], Narcotics, and other medicines without proper training, and without making prisoners of threat to life via interactions with sources of electromagnetic emanations." Dkt. No. 1, at 7. Boucher does not provide any facts to support his conclusory statements, and he makes no other assertions other than a request for various records including "satellite footage and sensings [sic] . . . ." *Id.*

To state a claim under section 1983, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Moore v. Willis Indep. School Dist.*, 233 F.3d

871, 874 (5th Cir. 2000) (citing *Lefall v. Dallas Indep. School Dist.*, 28 F.3d 521, 525 (5th Cir. 1994)). The plaintiff must assert specific facts supporting his claim of deprivation, and conclusory allegations are insufficient to give rise to a viable § 1983 complaint. *See Hale v. Harney,* 786 F.2d 688, 690 (5th Cir. 1986).

Boucher's vague statement that there is a conspiracy to commit constitutional violations and treason is so nebulous that even the most liberal interpretation of the assertion does not support an actionable claim. *Id.* Equally vague are the other assertions regarding alleged failures to report crimes, protect jail inmates from harm, and provide trained medical care. At best Boucher's claims are conclusory and subject to dismissal because they are not supported by any specific facts. *See Whitley v. Hunt,* 158 F.3d 882, 889 (5th Cir. 1998). Moreover, Boucher fails to state a claim because he does not in any way indicate how he has been harmed by the alleged deprivations. *See Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995) (citing *Hernandez v. Maxwell*, 905 F.2d 94, 95 (5th Cir. 1989)). Further undermining the pleadings' viability as a civil rights complaint is the fact that Boucher fails to identify any individual who could be held liable for damages. *See Anderson v. Pasadena Indep. School Dist.*, 184 F.3d 439, 443 (5th Cir. 1999). Boucher cannot assert a claim against the named government entities because he does not provide any facts which would indicate that there is a policy behind any purported constitutional violation. *See Brooks v. George County, Miss.*, 84 F.3d 157, 165 (5th Cir 1996) (in suits against a government entity, a custom or policy must be shown to have been the cause behind the alleged constitutional deprivation) (citing *Monell v. New York City Dept. of Soc. Serv.*, 98 S.Ct. 2018, 2036 (1978)). Finally, Boucher's request for "satellite footage and sensings" hints that he is laboring under some sort of delusion. The federal courts liberally construe the pleadings of *pro se* parties in order to guarantee that those who are without the

resources to hire a licensed attorney have a fair opportunity to state their case. *See Haines v. Kerner,* 92 S.Ct. 594 (1972). However, the courts are not obligated to entertain claims which appear to be delusional. *See Prewitt v. United States Postal Serv.*, 754 F.2d 641, 641 (5th Cir. 1985) ("[W]e stand at the gate of the realms of fantasy. We decline to enter in."). Regardless of whether Boucher's claims are the product of paranoid fantasy or are merely vague fears, it is clear that they have no legal basis because they rely on general unsupported declarations without any factual support. *See Jackson v. Widnall*, 99 F.3d 710, 715-16 (5th Cir. 1996).

Boucher filed this action while he was incarcerated. He has also sought permission to proceed as a pauper. Consequently, his civil rights complaint is subject to the provisions of 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B)(i). *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir.1998). This action is frivolous because it has no legal basis. *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).

## Conclusion

It is, therefore, ORDERED as follows:

1. This cause of action, filed by James Michael Boucher, Victoria County Jail # 3168, is **DISMISSED** because it is frivolous.

2. The Application to Proceed *In Forma Pauperis* (Dkt. No. 2) is **GRANTED**.

3. The Clerk is directed to provide a copy of this Order of Dismissal to the parties and to the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; and and the *Pro Se* Clerk for the United States District Court of the Eastern District of Texas, 211 West Ferguson, Tyler, Texas  75702.

**SIGNED**  on this 24th day of February, 2009.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE